UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA

       v.

GEORGINA FISHER
a/k/a Georgina Baratta,

              Defendant.

**DECISION AND ORDER**

15-CR-19A

───────────────────────────────

      On May 14, 2015, defendant Georgina Fisher ("Fisher") filed a motion "for an Order: (1) granting a hearing pursuant to *United States v. Monsanto*, 924 F.2d 1186 (2d Cir. 1991); (2) directing the United States to remove any *lis pendens* or other restraints on Defendant's property; (3) striking certain forfeiture allegations in the subject Indictment; and/or (4) granting any additional relief the Court in its discretion deems appropriate." (Dkt. No. 21.) Central to the entire motion is Fisher's contention that "the government restrains Ms. Fisher's home and bank accounts with no allegation explaining why such assets are forfeitable. Ms. Fisher has established in the paragraphs above, in her Declaration, and in the Declarations of Attorneys Andreozzi and Bell, that she has insufficient assets with which to fund her defense without access to the equity in her home." (Dkt. No. 21-1 at 6.) Additionally, "[i]n the event that the government fails to present at the *Monsanto* hearing adequate evidence establishing probable cause that the assets are subject to forfeiture, Defendant respectfully requests that the Court direct removal of the *lis pendens* on Ms. Fisher's home, and strike from the

indictment the forfeiture allegation with respect to that property." (*Id.* at 6–7.) Notably missing from Fisher's motion and the papers that ensued was any challenge to the grand jury's determination of probable cause that Fisher violated 31 U.S.C. §§ 5324(a)(1) and 5324(d)(1).

After hearing from the parties and considering their papers, this Court granted Fisher's request for a *Monsanto* hearing. (Dkt. No. 37.) The Government appealed the decision to have a hearing. (Dkt. No. 41.) Judge Arcara affirmed this Court's order. (Dkt. No. 51.) The *Monsanto* hearing currently is scheduled for tomorrow, August 20, 2015.

Yesterday, the Government filed a motion for reconsideration of this Court's decision to schedule a *Monsanto* hearing. (Dkt. No. 55.) The Government bases its latest challenge to a *Monsanto* hearing on a recent case from the Second Circuit, *U.S. v. Cosme*, ___ F.3d ___, 2015 WL 4716437 (2d Cir. Aug. 10, 2015). In that case, "Cosme agreed that he will not seek a *Monsanto* hearing in this case with respect to any restrained accounts, currency, or property, including but not limited to the Accounts, Currency, and Property listed in the Bill of Particulars. He also agreed not to raise on appeal any denial by the Court of a *Monsanto* hearing in this case." *Id.* at *4 (internal quotation marks omitted). The Second Circuit then went on to address Cosme's argument "that the restraining order issued on August 6, 2013 violates the Fourth Amendment because there was never a judicial finding of probable cause. We

2

review this question of law *de novo*." *Id.* at *5. The Second Circuit ultimately agreed with Cosme, vacated the District Court order, and remanded for further proceedings. "Here, however, as the government concedes in its brief on appeal, the grand jury did not vote on the forfeiture allegations, which were simply notice provisions not subject to a grand jury vote. Accordingly, *Kaley* [v. U.S., ___ U.S. ___, 134 S. Ct. 1090, 1098 (2014)] does not apply, and the district court was required to make its own probable cause finding where none had yet been made in the case.[1] The government argues that this error is harmless, but we disagree. Although the substantive allegations in the indictment mention the assets in connection with the criminal conduct, at no point in this case has the government had to demonstrate that it had probable cause to restrain Cosme's assets as required by the Fourth Amendment." *Id.* at *5-6. For the sake of completeness, Kaley stands for the proposition that, once a grand jury finds probable cause to indict defendants for a substantive offense, those defendants may not challenge forfeiture on the ground that "the case against them is baseless." *Kaley*, 134 S. Ct. at 1096 (internal quotation marks omitted); *see also id.* at 1099 ("The Kaleys here demand a do-over, except with a different referee. They wish a judge to decide anew the exact question the grand jury has already

---

[1] The Court here has some doubt whether the grand jury actually voted to find probable cause of a factual nexus between the offenses alleged and the assets listed in the forfeiture provision of the superseding indictment. (*See* Dkt. No. 20 at 10 (requiring forfeiture only "[u]pon conviction of the offenses alleged in Counts 1 through 8 of this Superseding Indictment, or any one of them").)

3

answered—whether there is probable cause to think the Kaleys committed the crimes charged.").

Where does this leave us? Fisher has sought and received a *Monsanto* hearing to challenge the factual nexus between the substantive offenses charged and certain assets that the Government seeks to restrain. The Government continues to resist holding a *Monsanto* hearing on the basis of a Second Circuit case in which 1) the defendant waived a *Monsanto* hearing, which is Fisher's only request here; 2) the defendant raised a completely different Fourth Amendment challenge that Fisher has not raised; and 3) the defendant won, and the case went back to the District Court for a hearing on that Fourth Amendment challenge. The Government's latest motion is a total *non-sequitur* whose only purpose is to delay Fisher's *Monsanto* hearing further. The motion is denied, and the hearing will proceed tomorrow as scheduled.

SO ORDERED.

                                                      /s Hugh B. Scott
                                               HONORABLE HUGH B. SCOTT
                                               UNITED STATES MAGISTRATE JUDGE

DATED: August 19, 2015