UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

GEORGINA FISHER
a/k/a Georgina Baratta,

                            Defendant.

**DECISION AND ORDER**

15-CR-19A

---

On May 14, 2015, defendant Georgina Fisher ("Fisher") filed a motion "for

an Order: (1) granting a hearing pursuant to *United States v. Monsanto*, 924 F.2d

1186 (2d Cir. 1991); (2) directing the United States to remove any *lis pendens* or

other restraints on Defendant's property; [and] (3) striking certain forfeiture

allegations in the subject Indictment."  (Dkt. No. 21 at 1.)  Without repeating a lot

of information readily available in the docket, the Government opposed Fisher's

motion in ways that prompted the Court to issue a Decision and Order on

October 6, 2015.  (Dkt. No. 64.)  In that Decision and Order, the Court distilled

the Government's various arguments into five Questions Presented that it invited

*amici curiae* to address:

> 1) The grand jurors here received a draft indictment and superseding
> indictment that contained a proposed forfeiture notice.  They
> cast a vote that they "concurred in the Indictment in this case"
> or "concurred in the Superseding Indictment in this case"
> without separating the substantive offense from the forfeiture
> notice.  Under the facts presented here, can that vote mean
> anything other than a grand jury vote on the substantive
> offense?  Alternatively, can a grand jury finding of probable

cause on a substantive offense double as a finding of a factual nexus, so as to defeat a request for a *Monsanto* hearing?

2) The Government has argued that granting *Monsanto* hearings to defendants who can afford counsel is unfair to *pro se* defendants and to defendants with assigned counsel.  Is this true?

3) Can the Government use a forfeiture notice in a second criminal action to recover assets not traced after a prior criminal action?

4) Can a structuring offense by itself make otherwise legitimate funds subject to forfeiture?

5) Do courts have discretion to require that *Monsanto* hearings proceed in adversarial fashion and not by proffer?

(*Id.* at 23–24.)

Since the Court's last Decision and Order, several events have occurred. Three *amici curiae* accepted the Court's invitation.  (Dkt. Nos. 67, 72, 75.)  The Government, on its own initiative and without explanation, consented to a *Monsanto* hearing and requested "that the Court rescind and withdraw its Decision and Order of October 6, 2015 (Docket Item #64) in its entirety."  (Dkt. No. 65 at 2.)  Again on its own initiative, the Government later released the *lis pendens* on Fisher's property altogether.  (Dkt. No. 76.)  The Government also filed a motion requesting "that a scheduling order be put in place for the filing of pretrial motions without waiting for the filing of *amicus* briefs, and that the solicitation of such briefs be cancelled in that the issues they were sought to address are either moot or not properly before the Court."  (Dkt. No. 77 at 3.)

2

Most recently, Fisher filed three documents in response to recent events.  Fisher

filed a response to the Government's most recent motions.  (Dkt. No. 78.)  Fisher

filed a motion to compel production of certain materials under Rule 16 and *Brady*

*v. Maryland*, 373 U.S. 83 (1963).  (Dkt. No. 79.)  Finally, Fisher filed a motion for

an order granting "(1) dismissal of the Superseding Indictment in this matter,

[and] (2) reimbursement of legal fees."  (Dkt. No. 80 at 1.)

        To take stock of where the case is at this point, the Court first will look at

the Government's recent filings.  The removal of the *lis pendens* arguably moots

the Government's own consent to a *Monsanto* hearing.  Those two events, in

turn, would appear to moot the first two of the three items of relief that Fisher

sought in her original May 14 motion; they also would appear to moot Questions

One, Two, and Five of the Questions Presented.  The Government's actions

have no impact on the third item of relief that Fisher requested, the striking of the

forfeiture notice from the Superseding Indictment.  Since the Government still

seeks forfeiture upon sentencing and has advanced various theories of forfeiture,

Questions Three and Four continue to address live issues in the case.

Questions Three and Four remain important also because they are now

implicated in Fisher's most recent motions.  To maintain a full history of events in

the docket and to allow resolution of important questions stemming from the

Government's arguments, the Court denies the Government's motion to rescind

(Dkt. No. 65).

The Court turns next to scheduling.  The Court needs to set scheduling for Questions Three and Four of the Questions Presented to the *amici curiae*. Fisher's latest motions also should be scheduled and adjudicated before setting any pretrial scheduling in the ordinary course.  The following schedule should set a balance between promptness and the need for careful review of all of the issues currently pending:

- On or before January 29, 2016, the *amici curiae* are respectfully requested to file briefing that addresses Questions Three and Four in any way that they would consider helpful to the Court.  The substantive pages of each brief should not exceed 40 pages.

- Also on or before January 29, 2016, the Government will file responses to Fisher's latest motions (Dkt. Nos. 79, 80).

- On or before February 26, 2016, Fisher will file reply papers in support of her latest motions.  The *amici curiae*, separately or in collaboration with Fisher, are welcome to file reply papers if they wish, though the Court is not expecting them to do so.

- The Court will hold oral argument on all pending motions and will set a date and time once all of the above briefing is filed.  The *amici curiae* should note that they will be welcome to participate in oral argument if they wish, though they would have to do so in person.

The Government's motion to set a scheduling order (Dkt. No. 77) is held in abeyance.  With multiple motions pending, speedy-trial time remains excluded.

SO ORDERED.

/s/ Hugh B. Scott
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: November 23, 2015

4