IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                    15-CR-19-A (HBS)

GEORGINA FISHER,
a/k/a Georgina Baratta,

                Defendant.

---

## GOVERNMENT APPEAL OF NOVEMBER 23, 2105, DECISION AND ORDER OF THE MAGISTRATE JUDGE DENYING MOTION TO RESCIND AND WITHDRAW DECISION AND ORDER OF OCTOBER 6, 2015

The United States of America hereby appeals Magistrate Judge Hugh B. Scott's Decision and Order of November 23, 2015, (Docket No. 81), which: (1) denied the government's Motion to Rescind the Magistrate Judge's October 6, 2015, Decision and Order, (Docket No. 65); (2) scheduled the filing of amicus curiae briefs on two of five questions raised in that October 6, 2015, Decision and Order (Docket No. 64); and (3) held in abeyance the government's Motion to Set a Scheduling Order for the Filing of Pretrial Motions, (Docket No. 77).

The Magistrate Judge's denial of the government's motion to rescind, and decision to proceed with the filing of amicus briefs on issues that are not ripe and which will not be ripe unless and until there is a conviction, is both clearly erroneous and an abuse of discretion. Forfeiture, and the government's use of forfeiture as a tool to recover funds, property or

other assets traceable to charged criminal conduct, are issues to be considered and decided only if the defendant is convicted at trial. To schedule the filing of amici curiae briefs at this pretrial stage on these post-conviction issues is an unwarranted expenditure of limited judicial resources and a violation of the public's interest in, and right to a speedy trial of this matter. A scheduling order should be put in place for the filing of all pretrial motions.

## PRIOR PROCEEDINGS

The November 23, 2015, Decision and Order ("November Decision and Order") denying the government's motion to rescind, and continuing with the filing of amici curiae briefs has derailed this case in a way that violates the public's right to see this case resolved in a timely manner without the unnecessary expenditure of scarce judicial resources on issues regarding forfeiture that are not ripe for resolution.

What began as the disposition of defendant's motion for a Monsanto hearing has been converted to a procedurally inappropriate, premature and speculative intellectual inquiry into the proper use of forfeiture in connection with structuring offenses. In engaging in this diversion, the Magistrate Judge has called for the amici curiae to file briefs of up to 40 pages by January 29, 2016, with oral argument to be set sometime after February 26, 2016. Docket No. 81, at 4.

The government has attempted to proceed with the prosecution of this criminal case on the merits.

On October 19, 2015, the government filed a Motion to Rescind and Withdraw the Magistrate Court's October 6, 2015, Decision and Order ("October Decision and Order). Docket No. 65. The government noted that it had been prepared to run the Monsanto hearing when scheduled by the Magistrate Court on August 20, 2015; that it continued to be ready to run the hearing; and that the Court's Order should be rescinded and withdrawn because it "touch[ed] upon wide-ranging issues which far exceed[ed] the limited relief sought by the defendant…." Id. at 2. The Magistrate Judge effectively denied this motion by requiring the defendant to respond to the government's motion after the amici curiae notices of appearance were due. See Docket No. 66.

Indeed, the Court never re-scheduled the Monsanto hearing, even though that was the relief that the defendant had sought from the beginning.

With the Monsanto issue unaddressed and unscheduled, the government made the decision to eliminate the issue entirely by releasing the lis pendens which was the basis for defendant's Monsanto motion. On November 17, 2015, the government filed a Release of Lis Pendens. Docket No. 76.

Clear of the Monsanto issue and with none of defendant's assets subject to pretrial restraint, the government, on November 18, 2015, filed a Motion to Set a Scheduling Order for the Filing of Pretrial Motions. Docket No. 77. The government requested that the Magistrate Judge cancel the filing of amici curiae briefs because the issues they were solicited to address had been rendered moot. Id. at 2. The government noted that:

3

> The lifting of the lis pendens and elimination of any need for a Monsanto hearing cements the need to cancel the filing of amici curiae briefs. The participation of amici curiae is unremarkable and commonplace in the U.S. Supreme Court. It is premature and unnecessary at the pretrial juncture in a case where pretrial motions have yet to be filed and where its principal effect would be to delay proceedings….

Id.

The Magistrate Judge's November Decision and Order denied the government's motion to rescind and withdraw the October Decision and Order, and denied the government's motion to cancel the filing of amici curiae briefs. Docket No. 81. The Court, in seeming criticism of the government's decision to try to move forward with its criminal prosecution, referred to the government's motions as having been made "on its own initiative and without explanation." Id. at 2. The Court held that the lifting of the lis pendens "arguably moot[ed]" the Monsanto hearing, and "appear[ed] to moot" Questions One, Two and Five of the questions set forth for amici curiae briefing in the Court's October Decision and Order. Id. at 3 (citing Docket No. 65 (October Decision and Order)). Nevertheless, the Court concluded that Question Three ("Can the Government use a forfeiture notice in a second criminal action to recover assets not traced after a prior criminal action?"), and Question 4 ("Can a structuring offense by itself make otherwise legitimate funds subject to forfeiture?"), "continue[d] to address live issues in the case" and "remain[ed] important also because they are now implicated in Fisher's most recent motions." Id.

With respect to Question Three - whether the government can use a forfeiture notice in a second criminal action to recover assets not traced after a prior criminal action- the

4

Magistrate Judge had concluded, based on his review of portions of grand jury proceedings in the case, that the government was seeking forfeiture against the defendant because it had unfinished business with her ex-husband.  See October Decision and Order, Docket No. 64, at 20.  Although the issue had not been raised and was not properly before the Court, the Magistrate Judge made an affirmative finding, based on his interpretation of the government's introductory remarks to the grand jury, that "the Government's primary motive for forfeiture is to recover fraud proceeds from another case that it cannot otherwise prove as belonging to that other case."  Id. at 22.  Having sua sponte created the issue, the Magistrate Court published select portions of the grand jury proceedings, including portions of the government's preliminary comments to the grand jury before any evidence had been presented; select questions asked by grand jurors; and portions of the government's comments and explanations in response to those question. Id. at 9-12.  The Magistrate Judge justified such public disclosure of grand jury proceedings as necessary to resolve the issue it had created and to allow defense counsel "to prepare a fair defense."  Id. at 20.  The Court also concluded that the potential implications of such alleged conduct by the government were such that amici curiae needed to weigh in on the issue.  Id. at 22, 24.

With respect to Question Four – whether a structuring offense by itself can make otherwise legitimate funds subject to forfeiture- the Magistrate Judge had questioned the source of the structured funds and the government's alleged "adamant[ ]" argument that "it d[id] not have to explain the source of the funds that it want[ed] to seize."  October Decision and Order, Docket No. 64, at 13.  The Magistrate Judge characterized the government as "passionate" in "refusing to explain the origin of the funds that it wants to

5

seize," id. at 20, and called for amici curiae to address whether the government's argument that structuring by itself can make otherwise legitimate funds subject to forfeiture "h[as] any limiting principles." Id. at 22.

In denying the government's motion to rescind and withdraw this October Decision and Order, the Court stated that the Decision and Order was somehow necessary "[t]o maintain a full history of events in the docket and to allow resolution of important questions stemming from the Government's arguments…." November Decision and Order, Docket No. 81, at 3.

## **ARGUMENT**

Notwithstanding the Magistrate Judge's interest in preserving the history of this case, the simple fact is that such history has been rendered irrelevant by the government's release of the lis pendens.  Nor does the October Decision and Order allow for resolution of "important issues stemming from the Government's arguments."  The reality is that the only two remaining issues which have been identified by the Magistrate Judge ("Can the Government use a forfeiture notice in a second criminal action to recover assets not traced after a prior criminal action?"; and "Can a structuring offense by itself make otherwise legitimate funds subject to forfeiture?"), are clearly speculative and not ripe for resolution.

With respect to the first question regarding the government's alleged motive for seeking forfeiture against this defendant- and ignoring for the moment that the very question framed by the Magistrate Judge presumes facts which have no basis in the record- the fact of

the matter is that regardless of the government's reasons for including a forfeiture allegation in a particular case, the issues of forfeiture and the legality of the government's efforts to obtain forfeiture, do not become ripe for consideration until and unless there is a conviction. To allow amici curiae to file briefs on an issue created by the Court and not ripe for resolution is a waste of judicial time and resources and a clear abuse of the right conferred upon the public by the Speedy Trial Act. Generating, addressing and resolving issues outside the scope of matters before the Magistrate Judge through this unusual use of the amicus curiae procedure amounts to an exercise in the issuance of advisory opinions, something federal courts do not have the power to do. United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000).

The same arguments apply to the second question on which amici curiae briefs have been solicited: "Can a structuring offense by itself make otherwise legitimate funds subject to forfeiture?" Whether property is subject to forfeiture is a question to be determined by a preponderance of evidence following a conviction. See United States v. Peters, 257 F.R.D. 377 (W.D.N.Y. March 2009); United States v. Capoccia, 503 F.3d 103, 116 (2d Cir.2007) Upon conviction, the Court is tasked with determining "what property is subject to forfeiture under the applicable statute" based on the evidence of record, including trial evidence, and evidence developed at a forfeiture hearing, if any. Fed. R. Crim. P. 32.2(b)(1); Capoccia, 503 F.3d at 109–110; United States v. Gaskin, No. 00–CR–6148, 2002 WL 459005, at *9 (W.D.N.Y. Jan. 8, 2002). For the forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1).

The issue of whether the structuring of legitimate funds renders such legitimate funds subject to forfeiture assumes a conviction on the structuring offense. Consequently, this question does not raise an issue which is ripe for pre-trial disposition before the Magistrate Judge. The Second Circuit has held that "the exercise of federal jurisdiction under the Constitution 'depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions.'" Leon, 203 F.3d at 164 (quoting United States Nat'l Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993)). "A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." National Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 687 (2d Cir. 2013). Because the issue of whether legitimate funds can be forfeited is contingent on future events that may never occur, neither question posed by the Magistrate Judge is ripe and neither will become ripe until and unless there is a conviction. The amici curiae process initiated by the Magistrate Judge should be cancelled.

While the government has eliminated the Monsanto issue by releasing the lis pendens, the Magistrate Judge has kept the issue alive by continuing the amici curiae process, while declining to set a scheduling order for the filing of pretrial motions. Such actions have effectively guaranteed the further delay of the criminal case until at least the end of February 2016. While the defendant appears to accept the delay inherent in the amici process, (see Docket No. 78), it is well-settled that the public, in addition to the defendant, has an interest in, and right to a speedy trial. See 18 U.S.C. Section 3161(h)(7). This is especially so where, as here, the issues to be addressed by the amici curiae are not ripe and have no bearing on the underlying criminal charges or the determination of

defendant's guilt relative to such charges. To allow the filing of the <u>amici</u> briefs to continue would result in exactly what the Magistrate Judge originally and rightly sought to avoid: "a case getting delayed into the future with a lot of things that are not outcome determinative." <u>See</u> Docket No. 59 at 26. The solicitation of <u>amici curiae</u> is tantamount to the solicitation by the Court of outside advisory opinions. As such they are a waste of judicial resources and have the very real effect of depriving the public (and the defendant) of its interest in, and right to a speedy resolution of this case.

## CONCLUSION

In order to avoid the further delay inherent in the resolution of issues that are not properly before the Court and which will not in any way advance the resolution of this case on the merits, the government respectfully requests that the Magistrate Judge's October Decision and Order be rescinded and withdrawn and the scheduled filing of <u>amicus curiae</u> briefs be cancelled. The government's Motion to Set a Scheduling Order for the Filing of Pretrial Motions should be granted and such scheduling order put it place.

DATED:   Buffalo, New York, December 7, 2015.

                                      WILLIAM J. HOCHUL, JR.
                                      United States Attorney

BY:   /s/  MARYELLEN KRESSE
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716/843-5888
       MaryEllen.Kresse@usdoj.gov