**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

         v.                                              15-CR-19-A
                                                          **ORDER**

GEORGINA FISHER,

         Defendant.
_____

The Defendant, Georgina Fisher, has filed a notice of interlocutory appeal (Docket No. 178) from this Court's Decisions and Orders denying her motion to dismiss for (1) alleged grand jury misconduct (Docket No. 149); and (2) alleged governmental interference with Fisher's Sixth Amendment right to counsel of her choice (Docket No. 175). The parties are presently scheduled to appear on July 18, 2017 to set a trial date and to address any other outstanding issues.

The filing of a notice of appeal ordinarily divests a district court of jurisdiction. _See Griggs v. Provident Consumer Discount Co._, 459 U.S. 56, 58 (1982). A premature notice of appeal, however, does not have that same effect. _See United States v. Rodgers_, 101 F.3d 247, 251-52 (2d Cir. 1996) ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on [the Second Circuit] the power to do nothing but dismiss the appeal."); _United States v. Salerno_, 868 F.2d 524, 539 (2d Cir. 1989) (observing that "[n]umerous circuit courts have ruled that a district court may retain jurisdiction to proceed with a trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, where the appeal is found to be frivolous"). The question whether Fisher's appeal is premature is, of course, for the Second Circuit to decide. But because "the

filing of a premature notice of appeal does not render a district court powerless to preside over a criminal case before it," the Court has jurisdiction to assess whether, in its view, Fisher's appeal is premature and, thus, whether the Court retains jurisdiction over this case. *In re Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corp.*, Nos. M9-150, 13-MJ-2814, 2014 WL 4629624, at *2 (S.D.N.Y. Aug. 29, 2014).

"In criminal cases, the final judgment rule is 'at its strongest.'" *United States v. Wallach*, 870 F.2d 902, 905 (2d Cir. 1986) (quoting *Flanagan v. United States*, 465 U.S. 249, 264 (1984)). As a result, in criminal cases the Supreme Court and the Second Circuit have identified only a handful of issues that fall within the collateral order exception to the final judgment rule. Fisher's motion to dismiss, as noted, was based on (1) alleged grand jury misconduct; and (2) alleged governmental interference with Fisher's Sixth Amendment right to use her assets to hire the counsel of her choice.

Fisher's notice of appeal appears to be premature. Both the Supreme Court and the Second Circuit have held that various forms of arguable grand jury misconduct do not fall within the collateral-order exception. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989) (holding that arguable violations of Federal Rule of Criminal Procedure 6(e) do not give rise to collateral orders and observing that "[o]nly a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried"); *United States v. Wallach*, 870 F.2d 902, 905-07 (2d Cir. 1989) (arguable violations of Rule 6(d)). *See also United States v. Moreno-Green*, 881 F.2d 680, 683 (9th Cir. 1989) ("A claim alleging prosecutorial misconduct in the grand jury charging

process is similar to a claim alleging a violation of Rule 6. Both may result in the improvident return of a grand jury indictment. . . . [W]e . . . find that a claim of prosecutorial misconduct, like a Rule 6 claim, does not satisfy the collateral order doctrine.") Likewise, an order disqualifying defense counsel in a criminal case, in possible violation of a defendant's Sixth Amendment right to the counsel of her choice, is not a collateral order. *See Flanagan v. United States*, 465 U.S. 259 (1984).

The Court reiterates that the Second Circuit, and not this Court, must decide whether the orders Fisher has appealed fall within the collateral order doctrine. But it appears that neither of the orders has any bearing on Fisher's "right not to be tried." *Id.* at 267. Thus, it appears that the orders are not collateral and that the Court retains jurisdiction over this case, notwithstanding Fisher's notice of interlocutory appeal. The parties should therefore appear, as scheduled, on July 18, 2017 at 9:00 a.m.

**SO ORDERED.**


Dated: July 13, 2017                    ___*s/Richard J. Arcara*_____
      Buffalo, New York                HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE