**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

v.                                                15-CR-19-A
                                                          **DECISION AND ORDER**

GEORGINA FISHER,

                Defendant.

_____

Defense counsel, Randall P. Andreozzi, Tiffany D. Bell, and Justin J. Andreozzi, have moved to withdraw as counsel for the Defendant, Georgina Fisher. *See* Docket No. 195. Counsels' motion states that, after nearly two-and-a-half years' worth of pre-trial litigation, Fisher has incurred a "massive legal debt" which she has "no ability to pay," and that she is likewise unable to "pay for her counsel of choice for her defense at a trial scheduled to commence on December 12, 2017." Docket No. 195 at ¶ 18.

"Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation. Moreover, the exhaustion of a retainer is not evidence of a deliberate violation." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quotation marks and citations omitted). *See also* N.Y. Rule Prof. Conduct 1.16(c)(5) (allowing an attorney to withdraw from a representation if his client "*deliberately* disregards an agreement or obligation to the lawyer as to expenses or fees") (emphasis added). Likewise, after five-and-a-half years of representation (Docket No. 16 at 3) by unquestionably-knowledgeable and skilled counsel, and given that counsel seeks to withdraw two months before trial, the Court is uncertain whether "withdrawal can be accomplished without material adverse effect on the interests of the [Defendant]." N.Y. Rule Prof. Conduct 1.16(c)(1).

1

With these considerations in mind, the Court is considering resolving counsels' motion to withdraw in one of three ways: (1) denying the motion; (2) denying the motion, but appointing current counsel to this District's CJA Panel *pro hac vice* and appointing current counsel as CJA counsel, *see* 18 U.S.C. § 3006A(c), Guide to Judiciary Policy, Vol. 7 § 210.30.30(a); or (3) granting the motion and appointing new counsel under the CJA.[1]

The Court, however, requires additional information to determine which of these options is most appropriate. Specifically, the Court requires information to help (1) determine whether Fisher is eligible for assigned counsel, and (2) ensure that the CJA is not being used as "a form of federal fee insurance." *United States v. Herbawi*, 913 F. Supp. 170, 172 (W.D.N.Y. 1996) (quotation marks omitted). *Compare id.* (granting mid-case CJA appointment where "the circumstances of [the defendant's] application [were] sufficiently unusual and extenuating"), *with United States v. Maye*, 08-CR-194(S)(M), 2009 WL 10663360, at *2 (W.D.N.Y. Mar. 25, 2009) (denying mid-case request to withdraw based on possibility of superseding indictment where retainer agreement expressly contemplated the possibility that a superseding indictment might be filed). *See also United States v. Zaccaria*, No. 95-CR-97S-29, 1997 WL 642985, at *4 (W.D.N.Y. Apr. 11, 1997) ("Defense attorneys have to plan ahead for the pitfalls which may arise in their relationships with their clients, and must face the consequences of ignoring those pitfalls.") To that end, counsel and Fisher shall file the following:

---

[1] Any appointment of CJA counsel is, of course, subject to revocation or partial payment, if appropriate. *See* 18 U.S.C. §§ 3006A(c), 3006A(f). The Court also notes that, in general, "co-counsel or associate attorneys may not be compensated under the CJA." Guide to Judiciary Policy, Vol. 7 § 230.10(a).

(1) A completed CJA Form 23 (Financial Affidavit);[2]

(2) A copy of Fisher's retainer agreement; and

(3) Counsels' billing records, from the beginning of the attorney-client relationship through present;

These documents shall be filed by October 20, 2017 and may be filed under seal. In the event that the retainer agreement and/or billing records contain any information protected by the attorney-client privilege or the attorney work-product doctrine, those documents may also be filed *ex parte*.

By October 20, 2017, counsel shall also file an affidavit from Fisher stating (1) whether she consents to counsels' withdrawal, *see* N.Y. Rule Prof. Conduct 1.16(c)(10); and (2) and, if counsel's motion is granted, whether she would seek appointment of assigned counsel or would, instead, seek to retain private counsel.

Finally, it should go without saying that, "even if" Fisher "were unable to afford counsel at this juncture, [her] present attorney of record[] is under a continuing duty to represent [her] in a punctilious and zealous manner." *United States v. Gipson*, 517 F. Supp. 230, 230 (W.D. Mich. 1981). The Court is not blind to the reality that this means that counsel may, for the time being, work without payment. But even if "a defendant's failure to pay fees may cause some divisiveness between attorney and client, . . . [the Court] presume[s] that counsel will continue to execute his [and her] professional and ethical duty to zealously represent his [and her] client, notwithstanding" the possibility of a fee dispute. *United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997). The Court is

---

[2] CJA Form 23 is available at http://www.uscourts.gov/forms/cja-forms/financial-affidavit

confident that Messrs. Andreozzi and Ms. Bell will do so unless they are relieved as counsel.

To allow Fisher time to file the documents listed above, and to allow the Court an opportunity to review them, the status conference scheduled for October 19, 2017 is adjourned to October 27, 2017 at 9:00 a.m. Trial remains scheduled for December 12, 2017.

**SO ORDERED.**


Dated: October 11, 2017                     _s/Richard J. Arcara_
    Buffalo, New York                HONORABLE RICHARD J. ARCARA
                                                  UNITED STATES DISTRICT JUDGE