**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                          15-CR-19-A
                                                     **DECISION AND ORDER**

GEORGINA FISHER,

        Defendant.
_____

The Defendant, Georgina Fisher, moves for reconsideration of the Court's August 4, 2017 Decision and Order (the "August 2017 Decision and Order," Docket No. 188), which, as relevant here, (1) denied her motion to unseal the transcripts of grand jury proceedings, and (2) vacated Judge Scott's "public chastisement" of the Assistant United States Attorney (AUSA).

A court has inherent authority to reconsider its own interlocutory orders. *See United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982). Reconsideration, however, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016). Thus, reconsideration is generally not warranted where "the moving party seeks solely to re-litigate an issue already decided," *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* at 257. The primary reasons why reconsideration may be appropriate are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic*

1

*Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Fisher has not pointed to any new evidence or intervening controlling law relevant to the Court's August 2017 Decision and Order. The Court therefore assumes Fisher's argument to be that the Court's Decision and Order was clearly erroneous or would result in a manifest injustice.

Fisher's motion for reconsideration does not meet this high standard. Fisher's principal argument is that, in deciding to keep the grand jury transcripts under seal, the Court gave too much weight to the effect that disclosure would have on future grand juries. Relying on well-settled Supreme Court case law, the Court noted in its August 2014 Decision and Order that

> Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties.

Docket No. 188 at 4 (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979))

Fisher argues that, by relying on this premise, the Court gave insufficient weight to the AUSA's representation that "the only witness before the Grand Jury was a law enforcement witness not subject to tampering and not in danger of being afraid to provide 'free and untrammeled' disclosures." Docket No. 190 at 3 (quoting Docket No. 112 at 8). The Government's position on whether to seal grand jury transcripts is, of course, entitled to respect. But "Government support cannot 'confer' disclosure, nor can government opposition preclude it." *In re Craig*, 131 F.3d 99, 106 (2d Cir. 1997) (addressing relevance of Government's position in so-called "special circumstances" grand jury disclosure proceedings). The grand jury "belongs to no branch of the institutional Government."

2

*United States v. Williams*, 504 U.S. 36, 47 (1992). The Court, therefore, has as much interest in protecting the grand jury's institutional interests as the Government does. As a result, the Court must consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of *future* grand juries." *Douglas Oil Co.*, 441 U.S. at 222 (emphasis added).

In denying Fisher's motion, the Court considered the fact that some of the reasons justifying grand jury secrecy in this case have diminished. Docket No. 188 at 4-5. But the Court also considered, as it must, the impact disclosure would have on *future* grand juries. Fisher's argument has not given the Court reason to reconsider the balance it struck when it weighed the many factors that go into the decision whether to unseal grand jury transcripts.

Fisher's second argument for reconsideration is likewise without merit. Fisher argues that the Court's August 2017 Decision and Order—which concluded that the AUSA had been sanctioned without notice or an opportunity to be heard—is inconsistent with the Court's Decisions and Orders denying Fisher's motions to dismiss for alleged constitutional violations. Fisher calls this a "clear and . . . striking" "contradiction." Docket No. 190. To the contrary: The Court's August 2017 Decision and Order (concerning the AUSA's sanction) and its December 2016 and June 2017 Decisions and Orders (concerning Fisher's motions to dismiss) address different constitutional rights; they are based on different facts; and they involve different people. They are, in other words, contradictory in only a superficial sense.

## CONCLUSION

For the reasons stated above, Fisher's motion for reconsideration is denied.

3

**SO ORDERED.**

Dated: October 12, 2017                              *s/Richard J. Arcara*
    Buffalo, New York                                HONORABLE RICHARD J. ARCARA
                                                                UNITED STATES DISTRICT JUDGE