**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                  15-CR-19-A
                                             **ORDER**

GEORGINA FISHER,

                 Defendant.
_____

On November 2, 2017, the Court denied counsel's motion to withdraw and appointed Randall P. Andreozzi to represent the Defendant, Georgina Fisher, as assigned counsel under the Criminal Justice Act. The Court also noted that, because Fisher was only partially eligible for assigned counsel, the Court would "require [her] to make monthly payments to the Clerk of Court in an amount to be determined." Docket No. 229 at 7 (citing CJA Guideline § 210.40.40). The Court then directed Fisher to file an affidavit "stating the amount of money she believes she is able to contribute on a monthly basis to the cost of assigned counsel." *Id.* Fisher has filed an affidavit stating that, in light of the information reflected in her CJA Form 23 financial affidavit, she is "unable to pay additional monies each month for CJA counsel." Docket No. 230 ¶ 6.

The Court does not put significant stock in this assertion for two reasons. First, as the Court noted in its November 2, 2017 Decision and Order, several of Fisher's monthly expenses cannot reasonably be characterized as "necessities of life." Docket No. 228 at 6 n.6. *See* CJA Guideline § 210.40.40 (allowing for a finding of partial CJA eligibility when a person's income is "in excess of the amount needed to provide [her] and [her] dependents with the necessities of life"). Second, the fact that Fisher and her husband have "fully shared living expenses" Docket No. 231 at 5, likely means that Fisher's share

of her monthly expenses is meaningfully less than her monthly salary—not, as the Court assumed in its November 2, 2017 Decision and Order, equal to, or just less than, her monthly salary.

Based on all the information that has been provided to the Court, it therefore appears that Fisher has the ability to make monthly payments of $1,500 towards the cost of assigned counsel. The Court intends to order monthly payments in this amount. *See* CJA Guideline § 230.23.20(a). In the event that counsel incurs fees in excess of the $10,300 compensation maximum (CJA Guideline § 230.23.20(a)), and in the event that the Court recommends a waiver of the compensation maximum (CJA Guideline § 230.23.40), the Court will consider ordering additional payments.

If Fisher disagrees that she can contribute $1,500 on a monthly basis towards the cost of her CJA counsel, then on or before December 12, 2017, she shall (1) notify the Court that she intends to object to this amount; and (2) propose a time by which she intends to submit whatever information and arguments she believes establish her inability to pay $1,500 per month. In light of the press of trial, the Court will entertain a request to address this issue more fully at the end of trial.

**SO ORDERED.**


Dated: December 5, 2017          *s/Richard J. Arcara*
     Buffalo, New York          HONORABLE RICHARD J. ARCARA
                                       UNITED STATES DISTRICT JUDGE